IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RUSSELL VERNON FREEMAN | § | |
| VS. | § | CIVIL ACTION NO. 5:09-CV-169 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Russell Vernon Freeman, an inmate confined at Goree Unit of the Texas
Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States
Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders
of this Court.  The Magistrate Judge recommends this petition be denied.

The Court has received and considered the Report and Recommendation of United States
Magistrate Judge filed pursuant to such order, along with the record, and pleadings.  Petitioner
filed objections to the Report and Recommendation of United States Magistrate Judge.  This
requires a *de novo* review of the objections in relation to the pleadings and applicable law.  *See*
FED. R. CIV. P. 72(b).

After careful consideration, the Court finds petitioner's objections lacking in merit.  As
the Magistrate Judge correctly concluded, petitioner has failed to rebut the presumption of
correctness given the state court findings with clear and convincing evidence.  Furthermore, a
habeas court need not consider a constitutional challenge to a conviction or violation used to
revoke a prisoner's parole when other valid violations of parole were found.  *See Blackman v.
Thaler*, 425 Fed. Appx. 375, 2011 WL 1835199 (5th Cir. 2011) (not designated for publication)
*citing Spann v. Wainwright*, 431 F.2d 482, 482 (5th Cir. 1970) (applying a similar rule in a
federal revocation case and *Williams v. Johnson*, 171 F.3d 300, 307-08 (5th Cir. 1999) (court will

not grant habeas relief unless the error at issue had substantial and injurious effect on the outcome of the proceeding); *see also United States v. Brown*, 656 F.2d 1204, 1207 (5th Cir. 1981).  Because petitioner's revocation decision is supported by an unchallenged violation, the charge of bringing contraband into a secured facility, any error allegedly made by petitioner's trial counsel concerning the charge of assault on a public servant was harmless.  As such, this Court need not consider a constitutional challenge to the latter as another valid violation of petitioner's parole was found.  Accordingly, petitioner's objections are overruled.

Finally, the Court is of the opinion petitioner is not entitled to a certificate of appealability.  An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2254.  The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004).  To make a substantial showing, the petitioner need not establish that he would prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could not resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason.  The questions presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability.

<u>ORDER</u>

Accordingly, the objections of petitioner are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.  A certificate of appealability will not be issued.

**It is SO ORDERED.**

**SIGNED this 20th day of November, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE